IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL ARAGON<br><br>Plaintiff,<br><br>vs.<br><br>USF REDDAWAY, INC.<br><br>Defendant. | MEMORANDUM DECISION and<br>REPORT AND RECOMMENDATION<br><br>Case No: 2:09-cv-475 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

  District Judge Dale A. Kimball referred this case to Chief Magistrate Judge Nuffer under 28 U.S.C. §636(b)(1)(B) with directions to handle the case up to and including a report and recommendation for the proper resolution of dispositive matters.[1] A Report and Recommendation was previously issued on November 5, 2009,[2] because *pro se* plaintiff Samuel Aragon had failed to serve the defendant or respond to an Order to Show Cause[3] why the case should not be dismissed for failure to prosecute.  No objection to the Report and Recommendation was filed but, Mr. Aragon filed an untimely response to the Order to Show Cause asking for an additional sixty days to find an attorney or proceed with the case *pro se*.[4] Consequently, Judge Kimball vacated the Report and Recommendation and remanded "the case

---

[1] Order, docket no. 2, filed June 2, 2009.

[2] Memorandum Decision and Report and Recommendation, docket no. 4, November 5, 2009.

[3] Order to Show Cause, docket no. 3, October 1, 2009.

[4] Response to Order to Show Cause, docket no. 5, November 18, 2009.

to Chief Magistrate Judge Nuffer for his determination of whether the reasons provided in the response would cause him to alter his Report and Recommendation."[5]

The magistrate judge then issued an order issued granting Mr. Aragon a sixty day extension based upon the District Court's Order and Mr. Aragon's request for additional time.[6] In that order, Mr. Aragon was warned: "If Defendant has not been properly served by March 1, 2010, the magistrate judge will again recommend that the district court dismiss the case for failure to prosecute."[7]  During the more than sixty days that have passed, there has been no change in this case - no appearance of counsel and no evidence that the defendant has been served with the complaint.  Accordingly, it is recommended that the District Court dismiss this case for failure to prosecute.

## RECOMMENDATION

It is recommended that the District Court dismiss this case for failure to prosecute.

## NOTICE

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.[8]  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The rules provide that the

---

[5] Order Vacating Report and Recommendation, docket no. 6, filed December 23, 2009.

[6] Order, docket no. 7, filed December 28, 2009.

[7] *Id.*

[8] *See* 28 U.S.C. § 636(b)(1)(B).

district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

March 3, 2010.

BY THE COURT:

_____
David Nuffer
Chief Magistrate Judge